UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
August 12, 2016
David J. Bradley, Clerk

| | |
|---|---|
| Alvin Young, § § | |
| Plaintiff, § § | |
| versus § § | Civil Action H-15-3271 |
| Veolia North America, et al., § § | |
| Defendants. § | |

# Opinion on Summary Judgment

1. *Introduction.*

    A hydroblaster says that it was illegal for his employer to require him to complete a medical examination before starting work in a safety-sensitive position. He also says that it discriminated against him because of his disability. Because he (a) is not disabled, and (b) violated his employer's drug use and disclosure policies, he will take nothing from the employer.

2. *Background.*

    Veolia North America offers industrial cleaning services. Some of its employees work in hazardous environments with dangerous equipment. Veolia says that it screens the prospective employees who will be working in those high-risk environments with pre-employment medical examinations. These examinations verify that the employee has the capacity safely to perform his job. It also requires employees working in safety-sensitive positions to (a) confidentially disclose any prescription drug use that may prevent him from safely performing his job before starting a shift, and (b) sign written acknowledgments of the company policies, including its Alcohol and Controlled Substances Abuse Policy and the Prohibited Conduct and Consequences Policy.

    On January 6, 2011, Alvin Young applied to Veolia as a hyrdroblaster. A hyrdoblaster is a safety-sensitive position. After it offered him the job, it required him to submit to a medical examination. He passed the examination and agreed to comply with Veolia's policies. On January 21, 2011, he began working as a Technighcian II/Hydroblaster. His job duties included

using high-pressure water hoses, nozzles, scaffolds, ladders and other equipment in steel mills, power plants, refineries, and chemical plants.

While at work on November 27, 2012, Young fell over 20 feet from scaffolding. He took leave to recover from his injuries. While he was not working, Veolia investigated. It found that Young had taken a prescription Vicodin before his shift and had not disclosed it. Vicodin is an opioid that can affect motor skills, making the work site less safe for both himself and others.

In January 2014, Young's doctor authorized his return to work. When he returned, he discussed the incident with Chad Leonard and Roy Hernandez, the division and operations managers. Leonard told him that he violated Veolia's policies when he did not report that he had taken Vicodin. On January 20, 2014, Veolia fired Young.

On March 25, 2014, Young filed a discrimination charge with the Equal Employment Opportunity Commission. On July 16, 2016, the Commission sent him a right-to-sue letter. Veolia moves for judgment.

3. *Standard.*

Veolia is entitled to judgment as a matter of law if it shows no genuine dispute of material facts exists.[1] Young says that he has a disability and Veolia discriminated against him by (a) firing him after he did not disclose his prescription medicine use, (b) making his employment contingent on passing a pre-employment medical examination, (c) investigating his drug use after his on-the-job injury, and (d) requiring employees in safety-sensitive positions to disclose prescription medicine use.

4. *Disability.*

Sufficiently to plead a claim of disability discrimination, Young must establish he (a) suffers from a disability, (b) is qualified for the job, (c) was subject to an adverse employment action, and (d) was replaced by a non-disabled person.

Young is not legally disabled. To be disabled under the American Disabilities Act, Young must show he suffers from a physical or mental condition that substantially limits his ability to perform at least one major life activity. Young does not specify his condition that makes him disabled or how his life is impeded. He says it could be a hernia; prescription-

---

[1] FED R. CIV. P. 56.

medicine use is not a physical or mental condition. Young conceded in the pre-employment examination that his hernia would not affect his performance. He worked for at least two years as a hydroblaster without incident or reporting a major impairment. He does not identify any other condition that disables him.

5. *Wrongful Termination.*

Even if Young could show that he was disabled, he has not established that he suffered an adverse employment action because of his disability or that he was replaced by another non-disabled person. He says that his employer used his prescription-medical use as a pretext for firing him. Veolia has a strict safety policy to protect its workers and its customers who use dangerous equipment in hazardous environments. It fired him because he took prescription medication before his shift and did not tell his supervisor – it fired him because he violated company policy.

6. *Investigating Young's drug use.*

Young says that Veolia violated the Act by (a) requiring a pre-employment examination, (b) investigating if he had taken prescription medication the day of the accident, and (c) implementing a company policy that required him to disclose his drug use.

An employer may condition a job offer on a medical examination if (a) the examination is required only after it makes an offer of employment, (b) all entering employees are examined regardless of potential disability, (c) the medical records are held confidential, and (d) it does not misuse the results.[2] Veolia's policy is to drug test and medically examine employees who work in safety-sensitive positions. He concedes that a medical examination is a pre-requisite for employment and that he worked in a safety-sensitive position. He has not established that Veolia misused this information or that it treated him any differently than any other person in his position.

If the post-offer and pre-employment examination was improper, he has not established that he suffered any harm from the examination. He says that he told Veolia about his hernia and prescription drug use – it still hired him. He has not shown that Veolia misused this information or that it did not keep it confidential.

---

[2] *See* 42 U.S.C. §12112(d).

- 4 -

7. Conclusion.

Young is not disabled and violated a strict company policy. He will take nothing from Veolia.

Signed on August 12, 2016, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge